UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ELEMENT MATERIALS TECHNOLOGY HOLDING USA INC., <br><br> Plaintiff, <br><br> v. <br><br> JOSHUA D. GREGG, <br><br> Defendant. | Case No.: 3:20 cv 00909 |

## COMPLAINT

For its Complaint against Defendant Joshua D. Gregg ("Gregg"), Plaintiff Element Materials Technology Holding USA Inc. ("Element"), states and alleges as follows:

## PARTIES

1. Element is a corporation incorporated in Delaware, having its principal place of business in Ohio.

2. Gregg is an individual who is a citizen of Indiana. Gregg is believed to reside at 123 Thomas Boulevard, Michigan City, Indiana 46360. Gregg was formerly employed with Element.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1).

4. Complete diversity of citizenship exists.

5. Element is a citizen of Delaware and Ohio.

6. Gregg is a citizen of Indiana.

7. The amount in controversy exceeds the jurisdictional threshold of $75,000.

1

8. Gregg is subject to the jurisdiction of Indiana courts and this District Court by virtue of his residence in Michigan City, Indiana.

9. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because Gregg resides in this judicial district and a substantial part of the events giving rise to the claims alleged herein occurred in this judicial district.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

10. Element and its affiliates are global providers of materials testing, product qualification testing, and inspection services.

11. Element Materials Technology Huntington Beach LLC ("Element HB"), an affiliate of Element, employed Gregg between 2011 and 2013; and Element employed Gregg between 2013 and 2020. Upon his hiring in 2011, Gregg served as a director of Global Business Development, managing a team of account managers that focused on key accounts in the aerospace sector. In 2019, Gregg was promoted to Vice President of Global Strategic Accounts.

12. During his employment with Element HB and Element, Gregg worked from his home.

13. While employed at Element HB and Element, Gregg engaged in frequent business-related travel in the United States and abroad. As a result, Gregg often incurred reimbursable business expenses.

14. Pursuant to Element's internal policies, to obtain reimbursement for business expenses, Gregg was required to submit an expense report or summary detailing the expenses, together with receipts or other evidence of the expenditure(s). Gregg submitted such expense reports electronically through Element's expense reporting system.

15. During his employment with Element HB and Element, Gregg, through his intentional submission of false and/or falsely elevated expense reports, received over $1 million in purported expense reimbursements from Element to which he was not entitled.

16. During each year of his employment with Element HB and Element, Gregg's fraudulent expense reports included, among other things, alleged expenses for airline travel, lodging, dining, and rental transportation.

17. For example, in 2020, Gregg submitted to Element for reimbursement what appeared to be an authentic United Airlines receipt for round-trip tickets between Chicago, IL and Pittsburgh, PA, totaling $770.00. Relying on Gregg's intentional misrepresentations (including the receipt), Element reimbursed Gregg for the full $770.00. However, Element subsequently discovered that the receipt was fabricated. Specifically, Element discovered that (a) the airline confirmation and ticket numbers, as identified on the submitted receipt, never existed; (b) the purchasing credit card, as identified on the submitted receipt, is not in United Airline's database; and (c) the receipt included various inconsistencies and omissions—e.g., alignment/spacing issues and missing "USD" labels for each line item—indicating that it was fraudulent. In addition to the fraudulent airline receipt described above, Gregg submitted to Element numerous other fraudulent airline receipts.

18. In addition to airline travel, Gregg also submitted to Element numerous fraudulent receipts for rental transportation. For example, in 2020, Gregg submitted what appeared to be an authentic receipt for an Enterprise rental car, totaling $687.10. Relying on Gregg's intentional misrepresentations (including the receipt), Element reimbursed Gregg for the full $687.10. The submitted receipt contained numerous omissions and inconsistencies, including (a) the omission of vehicle information, a rental confirmation number and/or a confirmation number fees; (b) an

3

incorrect tax calculation; (c) alignment/spacing issues; and (d) a state excise tax, airport fee, and tax rate that were identical to those used for other rental car receipts submitted by Gregg.

19.     The chart below provides, based on an initial forensic accounting, the number of fraudulent expense reports submitted by Gregg (along with the dollar amount of fraudulent expense reimbursements he received) during each year of his employment with Element HB and Element:

| Year of Employment | Fraudulent Reports | Dollar Amount of Fraudulent Submissions |
|---|---|---|
| 2011 | 8 | $6,479 |
| 2012 | 4 | $7,918 |
| 2013 | 21 | $102,107 |
| 2014 | 36 | $177,578 |
| 2015 | 43 | $206,736 |
| 2016 | 28 | $140,062 |
| 2017 | 38 | $188,663 |
| 2018 | 45 | $246,120 |
| 2019 | 49 | $245,366 |
| 2020 | 22 | $92,201 |
|  | **Total: 294** | **Total: $1,413,230** |

20.     As set forth above, Gregg's fraud on Element occurred over a multi-year period and resulted in his intentionally and deceptively obtaining over $1 million dollars in expense reimbursements to which he was not entitled.

21.     On or about June 9, 2020, Element confronted Gregg about the fraudulent expense reports and requested for him to provide the underlying credit card statements to support his

US.129799552.01

reported expenses.  Gregg failed to provide any credit card statements supporting his reported expenses.

22. On June 9, 2020, Element terminated Gregg's employment for cause.

23. As a direct and proximate result of Gregg's wrongful conduct, Element has had to engage a forensic accounting firm to investigate Gregg's fraudulent expense reports and quantify the amount of Gregg's fraudulently obtained expense reimbursement payments.

24. As a direct and proximate result of Gregg's wrongful conduct, Element has had to engage attorneys to prosecute this action against Gregg to recover the fraudulently obtained expense reimbursement payments received by Gregg to which he was not entitled.

## **COUNT I: Fraud**

25. Element repeats and realleges the preceding paragraphs as if fully set forth herein.

26. As set forth above, through the submission of his expense reports, Gregg made materially false and/or misleading representations to Element.

27. Gregg was aware of the materially false and/or misleading nature of his representations to Element; and he made such materially false and/or misleading representations with the intent to deceive Element.

28. Element relied upon Gregg's materially false and/or misleading representations and made expense reimbursement payments to Gregg to which he was not entitled.

29. As a direct and proximate result of Element's reliance on Gregg's materially false and/or misleading representations, Element has suffered monetary damages in an amount to be proven at trial.

## **COUNT II: Conversion**

30. Element repeats and realleges the preceding paragraphs as if fully set forth herein.

31. As set forth above, Gregg improperly received expense reimbursement payments from Element as a result of his submission of fraudulent expense reports.

32. Element has an immediate, unqualified right to the expense reimbursement payments Gregg received from Element as a result of his submission of fraudulent expense reports.

33. By receiving expense reimbursement payments from Element as a result of his submission of fraudulent expense reports, Gregg unlawfully appropriated and converted Element's assets for his own use and benefit in exclusion and defiance of the property rights of Element.

34. As a direct and proximate result of Gregg's actions, Element has suffered monetary damages in an amount to be proven at trial.

### COUNT III: Deception

35. Element repeats and realleges the preceding paragraphs as if fully set forth herein.

36. As set forth above, Gregg made materially false, misleading, and/or deceptive representations to Element through the submission of his expense reports; and made such materially false, misleading, and/or deceptive representations with the intent to deceive Element.

37. Element relied upon Gregg's materially false, misleading, and/or deceptive representations and made expense reimbursement payments to Gregg to which he was not entitled.

38. As a direct and proximate result of Element's reliance on Gregg's materially false, misleading, and/or deceptive representations, Element has suffered monetary damages in an amount to be proven at trial.

### COUNT IV: Unjust Enrichment (In the alternative)

39. Element repeats and realleges the preceding paragraphs as if fully set forth herein.

40. Element has made expense reimbursement payments to Gregg as a result of his submission of fraudulent expense reports. To date, Gregg has failed to return the expense reimbursement payments.

41. Gregg has received these expense reimbursement payments under such circumstances that it would be inequitable for Gregg to retain the expense reimbursement payments at the expense of Element.

42. Compensation in an amount to be proven at trial is necessary to prevent the unjust enrichment of Gregg at the expense of Element.

### COUNT V: Indiana Crime Victim's Relief Act – Indiana Code § 34-24-3-1
### Conversion – Indiana Code § 35-43-4-3

43. Element repeats and realleges the preceding paragraphs as if fully set forth herein.

44. Under the Indiana Crime Victims' Relief Act, Indiana Code Section 34-24-3-1, a person that suffers pecuniary loss as a result of the violation of Indiana Code Sections 35-43 *et seq.*, may bring a civil action against the person who caused the loss for treble damages, costs of the action, and reasonable attorneys' fees.

45. As set forth above, Gregg has violated Indiana Code Section 35-43-4-3 through his exercise of unauthorized control over Element's property.

46. Element is the victim of Gregg's conversion and other knowing, intentional, deliberate, willful, and malicious actions set forth herein, and, as a result, has suffered monetary damages in an amount to be proven at trial.

47. Element is accordingly entitled to an award of those actual damages as well as statutory treble damages, costs, and reasonable attorneys' fees.

US.129799552.01

### COUNT VI: Indiana Crime Victim's Relief Act – Indiana Code § 34-24-3-1
### Deception – Indiana Code § 35-43-5-3(a)(2)

48. Element repeats and realleges the preceding paragraphs as if fully set forth herein.

49. As set forth above, Gregg has violated Indiana Code Section 35-43-5-3(a)(2) through his intentional, deliberate, willful, and malicious commission of deception.

50. Element is the victim of Gregg's deception and other knowing, intentional, deliberate, willful, and malicious actions set forth herein, and, as a result, has suffered monetary damages in an amount to be proven at trial.

51. Element is accordingly entitled to an award of those actual damages as well as statutory treble damages, costs, and reasonable attorneys' fees.

### COUNT VII: Indiana Crime Victim's Relief Act – Indiana Code § 34-24-3-1
### Theft – Indiana Code § 35-43-4-2

52. Element repeats and realleges the preceding paragraphs as if fully set forth herein.

53. As set forth above, Gregg has violated Indiana Code Section 35-43-4-2 through his exercise of unauthorized control over Element's valuable property, with intent to deprive Element of its value or use.

54. Element is the victim of Gregg's theft and other knowing, intentional, deliberate, willful, and malicious actions set forth herein, and, as a result, has suffered monetary damages in an amount to be proven at trial.

55. Element is accordingly entitled to an award of those actual damages as well as statutory treble damages, costs, and reasonable attorneys' fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Element Materials Technology Holding USA Inc. respectfully requests that the Court enter judgment for Element and against Defendant Joshua D. Gregg in the

amount of the damages (including, but not limited to, all incidental and consequential damages) that Element has sustained as a result of the Defendant Joshua D. Gregg's wrongful and fraudulent conduct. Element also requests an award of treble damages, prejudgment interest, the costs of this action, reasonable attorneys' fees, all costs and expenses recoverable under Indiana Code Section 34-24-3-1, and all other just and proper relief.

Dated: October 23, 2020

FAEGRE DRINKER BIDDLE & REATH LLP

/s/ Matthew R. Kinsman
David A. Given (#15749-49)
Matthew R. Kinsman (#32032-71)
300 North Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
david.given@faegredrinker.com
matthew.kinsman@faegredrinker.com

*Attorneys for Plaintiff Element Materials Technology Holding USA Inc.*