UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ELEMENT MATERIALS TECHNOLOGY
HOLDING USA, INC.,

    Plaintiff,

    v.

JOSHUA D. GREGG,

    Defendant.

CAUSE NO. 3:20-cv-909 DRL-MGG

OPINION & ORDER

Once in a blue moon, parties agree on the key issues in a dispositive motion. There is a blue moon today. Element Materials Technology Holding USA, Inc. sued Joshua Gregg, who is *pro se*, and moved for judgment on the pleadings or summary judgment as to liability alone. Mr. Gregg responded without objection and later amended his originally insufficient complaint to reflect what he expressed in his response. The court grants judgment on the pleadings as to liability, with damages to be determined at trial.

FACTUAL BACKGROUND

Element Materials alleged that Joshua Gregg, former Vice President of Global Strategic Accounts at an affiliate, concocted a fraudulent scheme whereby he submitted false or falsely elevated expense reports to Element Materials for his business trips. The false reports included alleged expenses for airline travel, lodging, dining, and rental cars. The company says he cashed in over $1 million, though Mr. Gregg disputes the exact amount. Element Materials wasn't happy, so it sued. Element Materials moves for judgment on the pleadings for liability only. After receiving notice of the motion (ECF 11), Mr. Gregg responded without objection (ECF 12). The court held a hearing on this matter

on June 4, 2021, when the court ordered Mr. Gregg to amend his answer for clarity (ECF 16). He did so on June 11, 2021 (ECF 17).

STANDARD

After the pleadings close, a party may move for judgment under Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate when there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. *Unite Here Loc. 1 v. Hyatt Corp.*, 862 F.3d 588, 595 (7th Cir. 2017). The movant is entitled to such a judgment when it appears "beyond doubt" that the nonmoving party "cannot prove any facts that would support his claim for relief." *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). The court remains confined to the pleadings and must review allegations in the light most favorable to the nonmoving party. *Kiddy-Brown v. Blagojevich*, 408 F.3d 346, 355 (7th Cir. 2005). The pleadings traditionally include "the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows, Inc.*, 163 F.3d at 452 (citing Fed. R. Civ. P. 10(c)).

ANALYSIS

Short analysis suffices here. An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied. Fed. R. Civ. P. 8(b)(6); *Modrowski v. Pigatto*, 712 F.3d 1166, 1170 (7th Cir. 2013). Element Materials filed a 55-paragraph, 7-count complaint alleging Mr. Gregg committed fraud, civil conversion, deception, unjust enrichment, criminal conversion, criminal deception, and theft (*see* ECF 1). Mr. Gregg ambiguously answered with only this relevant statement: he "[a]dmit[s] the statements contained in paragraphs numbers 1, 2, 3, 4, 5, 6, 7" (ECF 8 ¶ 1). Because this was ambiguous, the court ordered him to amend his answer (ECF 16). He complied (ECF 17). Viewing Mr. Gregg's answer in the light most favorable to him, it admitted to the factual allegations establishing his liability for all counts, so the court grants Element Materials' motion. *See Unite Here Loc. 1 v. Hyatt Corp.*, 862 F.3d 588, 595 (7th Cir. 2017).

For fraud (count I), the plaintiff must show that there was: "(1) a material misrepresentation of past or existing fact which (2) was untrue, (3) was made with knowledge of or in reckless ignorance of its falsity, (4) was made with the intent to deceive, (5) was rightfully relied upon by the complaining party, and (6) which proximately caused the injury or damage of which the plaintiff complains." *Angel v. Powelson*, 977 N.E.2d 434, 445 (Ind. Ct. App. 2012). The complaint tracked most of the elements (ECF 1 ¶¶ 26-29), and Mr. Gregg admitted to these paragraphs' accuracy (ECF 17). Though the complaint doesn't say Element materials "rightfully" relied upon his misrepresentations, the facts admitted by Mr. Gregg establish this element. Mr. Gregg is liable for fraud.

For civil conversion (count II), the elements are the same as those for criminal conversion and are found in the criminal conversion statute, *McKeighen v. Daviess Cnty. Fair Board*, 918 N.E.2d 717, 723 (Ind. Ct. App. 2009), except for the *mens rea* requirement, *Meridian Financial Advisors, Ltd. v. Pence*, 763 F. Supp.2d 1046, 1058 (S.D. Ind. 2011). Conversion requires only that a person "exert[] unauthorized control over property of another person." Ind. Code § 35-43-4-3(a). The complaint tracked the elements (ECF 1 ¶¶ 31-34). Though Mr. Gregg says he "need[s] more info" as to ¶ 32 (ECF 17), he admitted the other paragraphs. Paragraph 32 addresses Element's rights to payment from Mr. Gregg, which isn't an element of conversion. This is sufficient to establish civil conversion, especially when ¶ 33 specifically says he "converted Element's assets for his own use." He is liable for civil conversion.

For deception (count III), a plaintiff must show that a person knowingly or intentionally made a false or misleading written statement with the intent to obtain property. Ind. Code § 35-43-5-3(2). The complaint tracked the elements (ECF 1 ¶¶ 36-38), and Mr. Gregg admitted to these paragraphs' accuracy (ECF 17). Mr. Gregg is liable for deception.

For unjust enrichment (count IV), a plaintiff "must establish that a measurable benefit has been conferred on the defendant under such circumstances that the defendant's retention of the benefit without payment would be unjust." *Zoeller v. E. Chi. Second Century, Inc.*, 904 N.E.2d 213, 220

(Ind. 2009). The complaint tracked the elements (ECF 1 ¶¶ 40-42), and Mr. Gregg admitted to these paragraphs' accuracy. Mr. Gregg is liable for unjust enrichment.

The last three counts allege damages resulting from criminal violations, which are permitted under Indiana Code § 35-24-3-1. For criminal conversion (count V), a plaintiff must show that the defendant knowingly or intentionally exerted unauthorized control over property of another. Ind. Code § 35-43-4-3(a). The complaint tracked the elements (ECF 1 ¶¶ 44-47). Though Mr. Gregg says he "need[s] more info" as to both ¶¶ 44 and 47, these address damages. He admitted to the two paragraphs that establish a factual basis for this cause of action (¶¶ 45-46). Mr. Gregg is liable for damages resulting from criminal conversion.

For criminal deception (count VI), a plaintiff must show that a defendant knowingly or intentionally made a false or misleading written statement with intent to obtain property. Ind. Code § 35-43-5-3(a)(2). The complaint tracked the elements (ECF 1 ¶¶ 48-51). Though Mr. Gregg says he "need[s] more info" as to ¶ 51 which deals with damages, he admitted to the factual paragraphs establishing his liability. Mr. Gregg is liable for damages resulting from criminal deception.

For criminal theft (count VII), a plaintiff must show that a defendant "knowingly or intentionally exert[ed] unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use." Ind. Code § 35-43-4-2(a). The complaint tracked the elements (ECF 1 ¶¶ 52-55). Though Mr. Gregg says he "need[s] more info" as to ¶ 55 which deals with damages and attorneys" fees, he admitted to the factual basis. He admitted to ¶¶ 52-54. Mr. Gregg is liable for damages resulting from criminal theft.

CONCLUSION

The court GRANTS Element Materials Technology Holding USA, Inc.'s motion for judgment on the pleadings as to liability against Joshua Gregg (ECF 9). The court will schedule a trial for damages alone.

SO ORDERED.

June 29, 2021　　　　　　　　　　　　　*s/ Damon R. Leichty*
　　　　　　　　　　　　　　　　　　　Judge, United States District Court